OPINION
{¶ 1} Appellant-Father Rudolph Russell appeals the judgment entered in the Guernsey County Court of Common Pleas, Family Court Division, which granted residential and legal custody of the minor children to Bruce Barthalow and Elise Barthalow, the aunt and uncle of said minor children.
 {¶ 2} Appellee is the Guernsey County Children Services Board. STATEMENT OF THE FACTS AND CASE {¶ 3} This case began in the Franklin County Juvenile Court with a complaint filed November 4, 2003, alleging that Uniqua Russell and Rudolph Russell were neglected and dependant children of Appellant Rudolph Russell and Joyce Barthelow.
 {¶ 4} This complaint was based upon the fact that the mother was in jail and the father, who was the non-custodial parent, was about to be evicted from his home and was behind in paying bills.
 {¶ 5} On January 14, 2004, a hearing was held to determine whether or not the children were neglected or dependent children.
 {¶ 6} Prior to said hearing, the court gave notice to Appellant by publication, listing Appellant as "John Doe". The minor child Uniqua's name was mistakenly spelled Aniqua in said publication.
 {¶ 7} The trial court found that the parties had admitted to a finding of dependency, as mother had agreed to it and father failed to show up for court on that date. Based on this finding of dependency, the trial court awarded temporary custody of Uniqua and Rudolph to their aunt and uncle, Bruce and Elise Barthalow.
 {¶ 8} In the summer of 2004, the father filed for a change of custody to himself, and the court transferred this case to Guernsey County, the county of residence of the aunt, uncle, Uniqua, and Rudolph.
 {¶ 9} On February 15, 2005, the Guernsey County Juvenile Court accepted the transfer.
 {¶ 10} On May 5, 2005, the court received a request for court-appointed counsel from the father, and counsel was appointed on May 9, 2005.
 {¶ 11} On June 1, 2006 the father's counsel filed for change of custody to him alleging that the father never received adequate notice of the hearing. The court declined to make on order on the motion until a full hearing was held.
 {¶ 12} On August 17, 2005 the Guernsey County Children Services Board filed a motion to give legal custody to the aunt and uncle. The court set the hearing on all the pending motions for November 14 and15, 2005.
 {¶ 13} The hearing in this matter took place on November 14 and 15, 2005, and was continued to February 13, 2005.
 {¶ 14} On February 14, 2006, the trial court issued its decision finding the parents of the minor children "unsuitable" and awarding residential and legal custody to the aunt and uncle, Elise and Bruce Barthalow.
 {¶ 15} Thus, it is from this Judgment Entry that appellant now appeals, raising the following assignment of error:
 ASSIGNMENT OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY TO NON-RELATIVES AND DEEMING THE FATHER UNSUITABLE BASED ON FINDINGS OF THE FRANKLIN COUNTY COMMON PLEAS COURT AT A HEARING IN WHICH THE FATHER DID NOT RECEIVE ADEQUATE NOTICE OF HIS RIGHTS THEREBY DEPRIVING THE FATHER OF HIS RIGHT TO DUE PROCESS."
 I. {¶ 17} In Appellant's sole assignment of error, he argues that the trial court erred in granting legal custody of the minor children to the Barthalows. We disagree.
 {¶ 18} Specifically, Appellant argues that it was error for the Guernsey County Court to rely on the dependency finding of the Franklin County Court because he did not receive adequate notice of said proceedings.
 {¶ 19} Upon review, we find that Appellant-father testified in the Guernsey County Court that while he did not receive certified mail giving him notice of the 1/14/2004 hearing in Franklin County, he did receive regular mail giving him notice and informing him as to the date and time of the hearing, and that he was on his way to the hearing when his car broke down. (T. at 90-91).
 {¶ 20} Furthermore, we find that Appellant was aware of the nature of the hearing as evidenced by his testimony that when he finally arrived at the Franklin County Courthouse on the day of the hearing, he spoke to someone there and told her "I missed my court date. You know, there's a court about custody of the kids or where the kids are going to be staying." (T. at 91-93).
 {¶ 21} We therefore find that appellant had adequate notice of the Franklin County dependency hearing and that his due process rights were not violated therein.
 {¶ 22} Furthermore, the Ohio Supreme Court has held that a finding of unsuitability as to the non-custodial parent is not necessary when making an award of legal custody to a non-parent:
 {¶ 23} "A juvenile court adjudication of abuse, neglect, or dependency is a determination about the care and condition of a child and implicitly involves a determination of the unsuitability of the child's custodial and/or noncustodial parents. It does not, however, permanently foreclose the right of either parent to regain custody, because it is not a termination of all residual parental rights, privileges, and responsibilities, and therefore a motion for a change of custody could be filed in a proper case in accordance with law. See R.C. 2151.42.
 {¶ 24} "For these reasons, we conclude, as the majority of appellate districts that have considered the issue have concluded, that when a juvenile court adjudicates a child to be abused, neglected, or dependent, it has no duty to make a separate finding at the dispositional hearing that a noncustodial parent is unsuitable before awarding legal custody to a nonparent." In re C.R. ,108 Ohio St.3d 369, 374, 2006-Ohio-1191.
 {¶ 25} We further find that Appellant did not appeal the dependency finding entered in the Franklin County Court and cannot now try to collaterally attack same by arguing that it was error for the Guernsey County Court to rely on said finding of dependency.
 {¶ 26} Appellant-father's sole assignment of error is overruled.
 {¶ 27} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division is affirmed.
By: Boggins, J. Wise, P.J., and Farmer, J. concurs.
JUDGE JOHN F. BOGGINS
JUDGE JOHN W. WISE
JUDGE SHEILA G. FARMER
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Juvenile Division, is affirmed. Costs assessed to Appellant.
JUDGE JOHN F. BOGGINS
JUDGE JOHN W. WISE
JUDGE SHEILA G. FARMER